UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | | |
|---|---|---|
| JESSICA AZOR | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:23-38 _____ |
| | ) | |
| JOHN DOE, JOHN DOE COMPANY, | ) | |
| AMAZON.COM SERVICES, LLC., *et al*. | ) | |
| | ) | Removed from: |
| | ) | Franklin Circuit Court |
| | ) | Case No. 2023-CV-97 |
|     *Defendants*. | ) | |

## NOTICE OF REMOVAL

Defendant, Amazon Logistics, Inc. ("Amazon Logistics" or "Defendant"), for its Notice of Removal of this action from the Franklin Circuit Court to the United States District Court for the Eastern District of Tennessee, Winchester Division, states:

**The State Court Action**

1. On June 30, 2023, Plaintiff, Jessica Azor, filed her Complaint in the Franklin Circuit Court, Case No. 2023-CV-97, against Defendants, John Doe, John Doe Company, Amazon Logistics and many other incorrectly named and unrelated Amazon entities[1] as well as other

---

[1] Unrelated but affiliated Amazon entities named in Plaintiff's Complaint are as follows: Amazon.com Services, LLC; Amazon.Com Sales, Inc.; Amazon VHS, LLC; Amazon Retail, LLC; Pillpack, LLC; Amazon Payments, Inc.; Amazon Kuiper Manufacturing Enterprises, LLC; Amazon Kuiper Infrastructure, LLC; Amazon Kuiper Commercial Services, LLC; Amazon Fulfillment Services, Inc.; Amazon Development Center U.S.; and Amazon Development Center U.S.; Amazon Data Services, Inc.

1

unrelated and unaffiliated non-Amazon entities.[2] ("The State Court Action") (*See* state court pleadings, attached hereto as Exhibit 1.)

2. The State Court Action stems from personal injuries Plaintiff allegedly received at a United States Postal Office in Estill Springs, Tennessee on July 25, 2022. Specifically, Plaintiff alleges that she arrived to deliver packages to the post office and an Unknown John Doe delivering Amazon packages for an Unknown John Doe Company (presumably an independent contractor for Amazon) had just delivered packages at the same post office and left the latch to the delivery ramp unsecured. As Plaintiff was in the bed of her truck getting ready to unload her items for delivery, the ramp fell and struck her lower left leg, causing injury. (*See* Plaintiff's Complaint, ¶¶31-41.)

3. Plaintiff's Complaint generally seeks damages for medical expenses, loss of earning capacity and other economic and non-economic damages but did not itemize a specific amount of damages she will seek at the trial of this matter. (*See* Plaintiff's Complaint, ¶¶71-73.)

**Procedural History and Citizenship of the Parties**

4. On July 10, 2023, Amazon Logistics was served with Plaintiff's Complaint and timely filed an Answer along with all other unrelated but affiliated Amazon entities. (*See* Exhibit 1.)

5. On August 11, 2023, Amazon Logistics served a Request for Admission ("RFA") upon Plaintiff seeking an admission that she intended to seek in excess of $75,000, exclusive of costs and interest. (*See* Request for Admission.)

---

[2] Unrelated and Unaffiliated entities named in Plaintiff's Complaint are as follows: Amazon Technology Solutions, LLC, Amazon Storj, LLC, and Amazon Deals and More, LLC.

6. Plaintiff failed to respond to the Request for Admission on or before thirty (30) days from the date of service, so it is now deemed admitted pursuant to Tenn. R. Civ. P. 36.

7. Plaintiff is and was a citizen and resident of Tennessee at all times relevant hereto.

8. Defendant, Amazon Logistics, Inc., is a foreign corporation incorporated under the laws of the state of Delaware with its principal place of business located in Seattle, Washington.

9. Defendants, John Doe and John Doe Company, are fictitious defendants and their citizenship are to be disregarded when determining diversity of citizenship and jurisdiction. *See* 28 U.S.C. § 1441(a); *see also Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 539 (6th Cir. 2006); *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 948 (6th Cir. 1994); *Riddle v. Lowe's Home Ctrs.*, Inc., 802 F. Supp. 2d 900, 904.

10. Similarly, although all of the unrelated but affiliated Amazon entities are also incorporated in Delaware with their principal place of business in Seattle, Washington, some of the unrelated, unaffiliated named Defendants are domestic Tennessee corporations according to Plaintiff's Complaint, all Defendants' citizenship other than Amazon Logistics, Inc. must be ignored based upon fraudulent joinder.

11. As outlined in *Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560 (6th Cir. 2015):

> [A] party who removes a case involving non-diverse parties to federal court on diversity grounds will defeat a motion to remand if it can show that the non-diverse parties were fraudulently joined… Fraudulent joinder occurs when the non-removing party joins a party against whom there is no colorable cause of action…In other words, to prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law.

*Id.* at 564-565 (citations omitted).

12. If there was an independent contractor whose driver was delivering Amazon packages to the subject post office right before Plaintiff's incident, which is denied, Amazon

3

Logistics would be the only appropriate Amazon entity who would have contracted with an independent contractor/motor carrier. There can be no colorable cause of action against any of the other affiliated or non-affiliated entities, fraudulent joinder exists and their citizenship can be ignored for purposes of diversity of citizenship and jurisdiction.

13. The Supreme Court of the United States long ago held that the presence of a non-diverse plaintiff may be ignored if it is not a "real party in interest." *Salem Trust Co. v. Manufacturers' Finance Co*., 264 U.S. 182 (1924).

## Amount in Controversy

14. Based upon Plaintiff's failure to timely respond to Defendants' Request for Admission, that request is now deemed admitted and she has effectively admitted she is seeking in excess of $75,000.00, exclusive of interest and costs.

## Argument and Conclusion

15. Based upon Plaintiff's own admissions as well as the citizenship of the properly named and non-fictitious parties, removal is proper and this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1), because the real parties in interest are citizens of different states, the only properly joined Defendant, Amazon Logistics, is not a citizen of Tennessee and it has been established that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

16. 28 U.S.C.A. §1446(b)(2) only requires the consent of properly joined defendants. Thus the consent from the affiliated but unrelated Amazon entities and the unaffiliated and unrelated corporate Defendants is not required for Amazon Logistics to remove this matter.

17. According to the Complaint attached hereto, venue was proper in Franklin County, Tennessee.

4

287517850v.1
Case 4:23-cv-00038-KAC-CHS   Document 1   Filed 10/04/23   Page 4 of 6   PageID #: 4

18. Accordingly, this action is hereby removed to the United States Court for the Eastern District of Tennessee, Winchester Division, pursuant to U.S.C. §§ 1441 and 1446.

19. In compliance with 28 U.S.C. §1446(b)(3), Amazon files this Notice of Removal with this Court within thirty (30) days after receipt of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, the "other paper" being Plaintiff's Response to Request for Admission.

**DATE: October 4, 2023**

Respectfully submitted,

*/s/ Lynsie Gaddis Rust*
Lynsie Gaddis Rust (#34871)
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 Mallard Creek Road, Suite 250
Louisville, Kentucky 40207
Phone: (502) 238-8500
Email: lynsie.rust@wilsonelser.com

*/s/ D. Craig Lamb*
D. Craig Lamb (#039901)
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
3102 West End Avenue, Suite 400
Nashville, Tennessee 37203
Phone: (502) 434-5003
Email: craig.lamb@wilsonelser.com
*Counsel for Amazon Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing was filed with the Eastern District of Tennessee ECF filing system on October 4, 2023, and a true and accurate copy of same was sent via electronic mail to:

Jonathan L. Griffith
Jonathan D. Lawrence
GRIFFITH LAW, P.L.L.C.
256 Seaboard Lane, Suite E-106
Franklin, TN 37067
Jonathan@griffithinjurylaw.com

                                                    */s/ D. Craig Lamb*